AO 106 (Rev. 04/10) Application for a Search Warrant

AYC
fur Cassvell
AUSA
11/14/18

# UNITED STATES DISTRICT COURT
### for the
Southern District of California

FILED

NOV 1 5 2018

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY

In the Matter of the Search of

*(Briefly describe the property to be searched or identify the person by name and address)*

(1) ZTE, Model Z557BL, IMEI # 865356031435431, Serial # 325283870052, Currently Located at DEA, 2425 La Brucherie Road, Imperial, CA 92251

)
)
)
)
)
)

Case No.

'18 MJ 11370

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

Attachment A

located in the _____ Southern _____ District of _____ California _____, there is now concealed *(identify the person or describe the property to be seized):*

Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 USC 841, 846 | Possession with Intent to Distribute; Conspiracy to Distribute |

The application is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

☑ Delayed notice of _90_ days (give exact ending date if more than 30 days: _02/12/2019_ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Cesar Padilla, Task Force Officer
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _11/15/18_

_____
*Judge's signature*

City and state: El Centro, California

Ruth B. Montenegro, Magistrate Judge
*Printed name and title*

## ATTACHMENT A

### PROPERTY TO BE SEARCHED

The property to be searched in connection with an investigation of violations of Title 21, United States Code, Sections 841 and 846, are described below:

(1)      ZTE
         Model: Z557BL
         IMEI# 865356031435431



Currently in the possession of the Department of Justice, Drug Enforcement Administration, which is located at 2425 La Brucherie Road, Imperial, California 92251 (Seized Property Vault).

## **ATTACHMENT B**

### ITEMS TO BE SEIZED

Authorization to search the **TARGET DEVICE** described in Attachment A include the search of disks, memory cards, deleted data, remnant data, slack space, and temporary or permanent files contained on or in the **TARGET DEVICE** for evidence described below. The seizure and search of the **TARGET DEVICE** shall follow the search methodology described in the affidavit submitted in support of the warrant.

The evidence to be seized from the **TARGET DEVICE** will be electronic records, communications, and data such as emails, text messages, chats and chat logs from various third-party applications, photographs, audio files, videos, and location data, for the period of June 1, 2018 to August 27, 2018:

a.  tending to indicate efforts to import heroin, methamphetamine, or some other controlled substances from Mexico into the United States, or possess and/or transport with the intent to distribute heroin, methamphetamine or controlled substances within the United States;

b.  tending to identify accounts, facilities, storage devices, and/or services- such as email addresses, IP addresses, and phone numbers-used to facilitate the importation of heroin, methamphetamine, or some other controlled substances from Mexico into the United States, or possession and/or transportation with the intent to distribute heroin, methamphetamine or controlled substances within the United States;

c.  tending to identify coconspirators, criminal associates, or others involved in importation of methamphetamine, or some other controlled substances from Mexico into the United States, or possession and/or transportation with the intent to distribute heroin, methamphetamine or controlled substances within the United States;

d.  tending to identify travel to or presence at locations involved in the importation of heroin, methamphetamine or some other controlled substances from Mexico into the United States, or possession and/or transportation with the intent to distribute heroin, methamphetamine or controlled substances within the United States, such as stash houses, load houses, or delivery points;

e.      tending to identify the user of, or persons with control over or access to, the subject telephone; and/or

f.      tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data involved in the activities described above;

which are evidence of violations of Tittle 21, United States Code, Sections 841 and 846.

AYC
for
AUSA Croswell
11/14/18

FILED

NOV 15 2018

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| IN THE MATTER OF THE SEARCH OF<br><br>(1)  ZTE<br>      Model: Z557BL<br>      IMEI# 865356031435431<br>      Serial# 325283870052 | Case No.  **'18 MJ1 1370**<br><br>AFFIDAVIT OF TASK FORCE OFFICER CESAR PADILLA IN SUPPORT OF SEARCH WARRANT |

## AFFIDAVIT

I, Cesar Padilla, being duly sworn, hereby state as follows:

## INTRODUCTION

1.    This affidavit supports the application for a warrant to search the following electronic device **("Target Device")**:

      a.    CELLULAR TELEPHONE
           ZTE
           Model: Z557BL
           IMEI# 865356031435431
           S/N: 325283870052
           **(Target Device)**

As described in Attachment A, and seize evidence of crimes, specifically, violations of Tittle 21, United States Code, Sections 841 and 846. This search supports and investigation and prosecution of Jose Guadalupe DELGADO-Villa for the crimes mentioned above. A factual explanation supporting probable cause follows.

1
2
3

2.      The **Target Device** was seized on or about August 27, 2018, from

DELGADO-Villa after he was arrested for driving a gold 2010 Mercury Millan into the

4      United States Border Patrol Checkpoint near Blythe, California with approximately 4.7

5
6      kilograms of heroin and 51.9 kilograms of methamphetamine hidden within the vehicle's

7      seats. The **Target Device** is currently in the possession of the Department of Justice,

8      Drug Enforcement Administration, which is located at 2425 La Brucherie Rd. Imperial

9
10     CA 92251 (Seized Property Vault).

11     3.      Based on the information below, there is probable cause to believe that a

12     search of the **Target Device** will produce evidence of the aforementioned crimes, as

13
14     described in Attachment B.

15     4.      The information contained in this affidavit is based upon my experience

16     and training and consultation with other federal, state, and local law enforcement agents.

17
18     The evidence and information contained herein was developed from my personal

19     investigation of this matter and my review of documents and evidence related to this

20     case. Because this affidavit is made for the limited purpose of obtaining a search warrant

21
22     for the **Target Device,** it does not contain all of the information known by me or other

23     federal agents regarding this investigation. Instead, it contains only those facts necessary

24     to establish probable cause.

25
26                          **EXPERIENCE AND TRAINING**

27     5.      I, Cesar Padilla, am a federal law enforcement officer employed by United

28     States Customs and Border Protection ("CBP"), which is component agency of the

Department of Homeland Security. I have been employed by CBP since September 2008. My formal training has consisted of approximately 680 hours of instruction at the Federal Law Enforcement Training Center in Glynco, Georgia, which included training in narcotics and dangerous drugs.

6. From September 2008 until March 2016, I was as a CBP Officer to the Calexico Ports of Entry, in Calexico, California. I was also assigned to the Anti-Terrorism and Contraband Enforcement Team ("A-TCET"). As an A-TCET Officer, I had numerous interdictions and seizures of narcotics and currency from the drug trafficking organizations operating in the area. I am currently assigned as a Task Force Officer ("TFO") with the Drug Enforcement Administration ("DEA"), and I have been in that position since March 2016. My training as a TFO includes 24 hours of TFO instruction conducted by the DEA, which covered drug smuggling and trafficking. Additionally, through the course of my duties as a TFO, I have talked with other experienced narcotics investigators and received informal training regarding illegal drug trends and methods of operation for multi-kilogram drug dealing and trafficking in the California Imperial Valley.

7. Based on my training and experience as a CBP Officer, as well as my training and experience as a DEA TFO, I am familiar with the ways in which drug smugglers and traffickers conduct their business. Indeed, during the course of my duties I have (1) worked as the case agent, directing specific drug-related investigations; (2) worked as a surveillance agent and observed and recorded movements of individuals suspected of

trafficking in drugs; (3) participated in the execution of search warrants related to drug investigations; (4) initiated and executed numerous arrests for drug-related offenses, including possession with the intent to distribute and, (5) interviewed criminal defendants, witnesses and informants in furtherance of investigations into the illegal smuggling and trafficking of controlled substances. Through these duties, I have gained a working knowledge and insight into the operational habits of drug smugglers and traffickers.

8.     Based upon my training and experience, and consultations with law enforcement officers experienced in narcotics smuggling investigations, and all the facts and opinions set forth in this affidavit, I submit the following:

a.     Drug smugglers and traffickers will use cellular telephones because they are mobile and they have instant access to telephone calls, text, web, and voice messages;

b.     Drug smugglers and traffickers will use cellular telephones because they are able to actively monitor the progress of their illegal cargo while the conveyance is in transit;

c.     Drug smugglers and traffickers and their coconspirators will use cellular telephones because they can easily arrange and/or determine what time their illegal cargo will arrive at predetermined locations;

d.     Drug smugglers and traffickers will use cellular telephones to direct drivers to synchronize an exact drop off and/or pick up time of their illegal cargo;

1

2

e.     Drug smugglers and traffickers will use cellular telephones to notify

3             or warn their coconspirators of law enforcement activity to include

4

5             the presence and posture of marked and unmarked units, as well as

6             the operational status of checkpoints and border crossings; and

7          f.     Drug smugglers and traffickers and their co-conspirators often use

8

9             cellular telephones to communicate with load drivers who transport

10           their narcotics and/or drug proceeds.

11     9.     Based upon my training and experience and consultations with law

12

13   enforcement officers experienced in drug smuggling and trafficking investigations, and

14   all the facts and opinions set forth in this affidavit, I know that cellular/mobile can and

15   often do contain electronic records, phone logs and contacts, voice and text

16

17   communications, and data such as emails, text messages, chats and chat logs from

18   various third-party applications, photographs, audio files, videos, and location data. This

19   information can be stored within disks, memory cards, deleted data, remnant data, slack

20

21   space, and temporary or permanent files contained on or in the cellular/mobile telephone.

22   Specifically, I know based upon my training, education, and experience investigating

23   drug smuggling and trafficking conspiracies that searches of cellular/mobile telephones

24

25   yields evidence:

26         a.     tending to indicate efforts to import heroin, methamphetamine, or some

27             other controlled substances from Mexico into the United States, or possess

28

and/or transport with the intent to distribute heroin, methamphetamine or controlled substances within the United States;

b.    tending to identify accounts, facilities, storage devices, and/or services- such as email addresses, IP addresses, and phone numbers-used to facilitate the importation of heroin, methamphetamine, or some other controlled substances from Mexico into the United States, or possession and/or transportation with the intent to distribute heroin, methamphetamine or controlled substances within the United States;

c.    tending to identify coconspirators, criminal associates, or others involved in importation of methamphetamine, or some other controlled substances from Mexico into the United States, or possession and/or transportation with the intent to distribute heroin, methamphetamine or controlled substances within the United States;

d.    tending to identify travel to or presence at locations involved in the importation of heroin, methamphetamine or some other controlled substances from Mexico into the United States, or possession and/or transportation with the intent to distribute heroin, methamphetamine or controlled substances within the United States, such as stash houses, load houses, or delivery points;

e.    tending to identify the user of, or persons with control over or access to, the subject telephone; and/or

f.      tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data involved in the activities described above.

10.    Based upon my training and experience and consultations with law enforcement officers experienced in drug smuggling and trafficking, I know that drug conspiracies often required detailed and intricate planning and coordination for several months- this planning often occurs through mobile telephones. Additionally, based on my training and experience, and conversations with other law enforcement officers who investigate drug smuggling and trafficking, I know that coconspirators are often unaware when a fellow coconspirator has been arrested and will attempt to communicate with that coconspirator via mobile telephone after his or her arrest to determine the whereabouts of drugs that are being transported.

## FACTS SUPPORTING PROBABLE CAUSE

11.    According to a Report of Apprehension prepared by Border Patrol Agent ("BPA") Jennifer Gribbons ("the ROA"), on August 27, 2018, at approximately 2:20 p.m., DELGADO-Villa approached the United States Border Patrol Checkpoint located on Highway 78 near Blythe, California, as the driver, sole occupant and registered owner of a 2010 Mercury Millan bearing California license plate number 7VHA404 ("the vehicle"). According to the ROA, BPA Pinedo questioned DELGADO-Villa about his citizenship; DELGADO-Villa presented a valid Legal Permanent Resident Card to the BPA. According to the BPA, as the immigration inspection was conducted, DELGADO-

Villa appeared to be "extremely nervous".  Due to multiple vehicles waiting behind DELGADO-Villa, BPA Pinedo referred him to secondary inspection to ease the flow of traffic. According to the ROA, BPA Alvarez who was assigned to secondary inspection contacted Yuma Sector Communications Center (KAK850) to run a records checks through law enforcement databases. The records checks revealed DELGADO-Villa had been arrested for alien smuggling and resisting arrest. According to the ROA, DELGADO-Villa consented to a canine search of the Vehicle; a canine conducted a sniff of the Vehicle; and, while conducting the sniff, the canine alerted to the front of the Vehicle side headlight. According to ROA, the canine also alerted to the passenger side seat and the back window area of the Vehicle. According to the ROA, BPA Gribbons noticed that the back seat was loosely placed and had unnatural bulges in it. According to the ROA, BPAs Gribbons and Alvarez found 4 packages (weighing about 4.7 kilograms) one of which field tested positive for heroin and 96 packages (weighing about 51.9 kilograms) one of which field tested positive for methamphetamine. A total of 100 packages containing suspected heroin and methamphetamine were retrieved from the seats, rear quarter panels and doors of the vehicle.

12.    On August 27, 2018, I was notified of the heroin and methamphetamine seizure and responded to the Border Patrol Checkpoint located on Highway 78 near Blythe, California, where DELGADO-Villa, the Vehicle, the heroin and methamphetamine, and **Target Device** were located. I obtained the **Target Device** from a BPA. During the interview, DELGADO-Villa confirmed the **Target Device** belonged

to him. DELGADO-Villa stated that the vehicle belonged to him and that he was told he was transporting money. DELGADO-Villa also stated that he was going to receive $500.00 USD to drop off the vehicle in Blythe, California. DELGADO-Villa was arrested for violating Title 21, United States Code, Sections 841 (a)(1).

13.    My review of the Treasury Enforcement Communications Systems Records ("TECS Records") reveals that DELGADO-Villa most recently crossed the United States/Mexico border on foot on August 27, 2018. Additionally, my review of the TECS Records for DELGADO-Villa reveals that on June 14, 2018 and July 20, 2018, he crossed the United States/Mexico Border driving the 2010 Mercury Millan but using a different plate (California plate number 8DIA933).

14.    Based upon my experience and investigation in this case, there is probable cause to believe that DELGADO-Villa, as well as other persons currently unknown, were involved in an ongoing conspiracy to import and transport heroin and methamphetamine. Based on my experience investigating drug smugglers and traffickers, there is probable cause to believe that DELGADO-Villa used the **Target Device** to coordinate with coconspirators regarding the importation, transportation, and distribution of heroin and methamphetamine, and to otherwise further this conspiracy both inside and outside of the United States. There is also probable cause to believe that recent calls made and received, telephone numbers, contact names, electronic mail (e-mail) addresses, appointment dates, text messages, pictures and other digital information are stored in the memory of the **Target Device,** which may identify other persons

involved in drug trafficking activities. Accordingly, based upon my experience and training, consultation with other law enforcement officers experienced in drug trafficking investigations, and all the facts and opinions set forth in this affidavit, there is probable cause to believe that information relevant to the drug smuggling and trafficking activities of Jose Guadalupe DELGADO-Villa, such as telephone numbers, made and received calls, contact names, electronic mail (e-mail) addresses, appointment dates, messages, pictures and other digital information are stored in the memory of the **Target Device.**

## METHODOLOGY

15.    It is not possible to determine, merely by knowing the cellular/mobile telephone's make, model and serial number, the nature and types of services to which the device is subscribed and the nature of the data stored on the device. Cellular/mobile devices today can be simple cellular telephones and text message devices, can include cameras, can serve as personal digital assistants and have functions such as calendars and full address books and can be mini-computers allowing for electronic mail services, web services and rudimentary word processing. An increasing number of cellular/mobile service providers now allow for their subscribers to access their device over the internet and remotely destroy all of the data contained on the device. For that reason, the device may only be powered in a secure environment or, if possible, started in "flight mode" which disables access to the network. Unlike typical computers, many cellular/mobile telephones do not have hard drives or hard drive equivalents and store information in

volatile memory within the device or in memory cards inserted into the device. Current technology provides some solutions for acquiring some of the data stored in some cellular/mobile telephone models using forensic hardware and software. Even if some of the stored information on the device may be acquired forensically, not all of the data subject to seizure may be so acquired. For devices that are not subject to forensic data acquisition or that have potentially relevant data stored that is not subject to such acquisition, the examiner must inspect the device manually and record the process and the results using digital photography. This process is time and labor intensive and may take weeks or longer.

16. Following the issuance of this warrant, I will collect the **Target Device** and subject it to analysis. All forensic analysis of the data contained within the **Target Device** and its memory card will employ search protocols directed exclusively to the identification and extraction of data within the scope of this warrant.

17. Based on the foregoing, identifying and extracting data subject to seizure pursuant to this warrant may require a range of data analysis techniques, including manual review, and, consequently, may take weeks or months. The personnel conducting the identification and extraction of data will complete the analysis within ninety (90) days, absent further application to this court.

## CONCLUSION

18. Based on all the facts and circumstances described above, I believe that probable cause exists to conclude that Jose Guadalupe DELGADO-Villa used the

**Target Device** to facilitate violations of Tittle 21, United States Code, Sections 841 and 846.

19. Because the **Target Device** was promptly seized during the investigation of Jose Guadalupe DELGADO-Villa's trafficking activities and has been securely stored, there is probable cause to believe that evidence of illegal activities committed by Jose Guadalupe DELGADO-Villa continues to exist on the **Target Device.** Based on the above facts and my training and experience, there is probable cause to believe that evidence of violations of Tittle 21, United States Code, Sections 841 and 846 will be found within the date range from June 1, 2018 to August 27, 2018.

20. WHEREFORE, I request that the court issue a warrant authorizing law enforcement agents and/or other federal and state law enforcement officers to search the items described in Attachment A, and the seizure of items listed in Attachment B, using the methodology described above.

I swear the foregoing is true and correct to the best of my knowledge and belief.

CESAR PADILLA
Task Force Officer,
Drug Enforcement Administration

Subscribed and Sworn to before me
this _15th_ day of November, 2018

HON. RUTH B. MONTENEGRO
United States Magistrate Judge